UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

-----------------------------------------------------------------

| | |
|---|---|
| KATHERINE FELDMANN,<br><br>    Plaintiff,<br><br>    v.<br><br>TRIDENT FOODS II, LLC and<br>TRIDENT FOODS LTD. collectively d/b/a<br>WENDY'S,<br><br>    Defendant. | **COMPLAINT**<br><br>Civ. No. 21-3056<br><br>**JURY TRIAL DEMANDED** |

-----------------------------------------------------------------

Plaintiff, KATHERINE FELDMANN, by and through her undersigned counsel, EISENBERG & BAUM, LLP, for his Complaint against Defendants, TRIDENT FOODS II, LLC and TRIDENT FOODS LTD., collectively d/b/a WENDY'S, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff KATHERINE FELDMANN is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is her expressed, preferred, and most effective means of communication. Defendants own, operate, and/or lease a Wendy's restaurant located at 2245 N Meridian St, Indianapolis, IN 46208. On or about August 13, 2021, Plaintiff attempted to order food at Defendants' drive-thru window. Plaintiff was refused service and treated rudely by employees because of her disability. Through this discriminatory treatment, Plaintiff learned not only that Wendy's restaurants are inaccessible to deaf individuals, but that Wendy's employees and managers are inadequately trained and improperly informed about the communication rights and needs of deaf people.

2. Plaintiff brings this action to compel Defendants to cease unlawful discriminatory

practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendants' restaurant services. Plaintiff seeks declaratory; injunctive and equitable relief; nominal damages; attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 and other state and common law causes of action.

## THE PARTIES

3. Plaintiff KATHERINE FELDMANN brings this action and is an individual residing in Indianapolis, IN. Katherine Feldmann is a profoundly deaf individual who primarily communicates in American Sign Language, and she is substantially limited in the major life activities of hearing and speaking within the meaning of federal and state anti-discrimination laws.

4. Defendants, TRIDENT FOODS II, LLC and TRIDENT FOODS LTD d/b/a WENDY'S are duly incorporated businesses with a principal office located in 1328 Dublin Rd., Set 200, Columbus, OH 43215. Defendants own, operate and/or lease a Wendy's restaurant located at 2245 N Meridian St, Indianapolis, IN 46208. Defendants' restaurant is a public accommodation under federal and state antidiscrimination laws and is subject to the requirements thereof.

## JURISDICTION & VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants have sufficient contacts with this District to subject them to personal jurisdiction at the time this action is commenced, and the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

7. Upon information and belief, Defendants own, operate and/or lease a Wendy's restaurant located at 2245 N Meridian St, Indianapolis, IN 46208.

8. Plaintiff is a profoundly deaf individual whose first and primary language is American Sign Language ("ASL"), in which she communicates fluently.

9. Defendants' drive-thru service is provided via specialized automobile driveway lanes which stretch around Defendants' Wendy's. In order to obtain drive-thru service, Defendants' customers maneuver their automobiles into the drive-thru lane and then relay their food order to Defendants' employees via microphone. Customers then drive their cars further along the lane and retrieve their food from windows on the side of Defendants' Wendy's.

10. On or about Aug 16, 2021, Plaintiff attempted to order food from Defendants' restaurant.

11. Plaintiff parked her car and attempted to order from inside of Defendants' Wendy's.

12. When Plaintiff approached the restaurant, she discovered that the doors to the restaurant were locked. Upon information and belief, the inside of the restaurant was closed due to COVID and the only way to obtain an order was by utilizing Defendants' drive-thru system.

13. Plaintiff then attempted to utilize Defendants' drive-thru to place her order.

14. Because Defendants' drive-thru ordering system requires a customer to utilize hearing and speaking through a microphone, Plaintiff drove to the drive-thru window and attempted to place her order from an employee at the window.

15. When Plaintiff approached the drive-thru window, Plaintiff gestured to the employee at the window that Plaintiff was deaf. Rather than take Plaintiff's order from the drive-thru window, Defendants' employee refused to serve Plaintiff.

16. Feeling confused by Defendants' actions, Plaintiff remained in Defendants' drive-

thru and continued to gesture that she us deaf and continued to attempt to place her order with Defendants' employee at the drive-thru window.

17. While Plaintiff waited, the employee at the drive-thru window danced and mocked Plaintiff while Plaintiff was waiting to be served.

18. The employee then placed a privacy screen on Defendants' drive-thru window which prevented Plaintiff from further communication with Defendants' employee.

19. Upon information and belief, the manager of Defendants' Wendy's exited the restaurant and began hand delivering orders to all of the cars waiting behind Plaintiff's vehicle.

20. Rather than accommodate Plaintiff's disability and allow her to place her drive-thru order at the window, Defendants' employees ignored Plaintiff and refused to serve her.

21. Defendants' employees then called the local police to have Plaintiff removed from their drive-thru.

22. When a police officer arrived at the location, the officer communicated with Plaintiff through written notes.

23. Plaintiff informed the officer that Plaintiff is deaf and was attempting to place an order from Defendants' drive-thru window.

24. The police officer communicated with Defendants' employees on behalf of Plaintiff and obtained Plaintiff's order for Plaintiff.

25. Defendants' refusal to serve Plaintiff in the same manner in which it served hearing individuals and Defendants' decision to notify law enforcement, left Plaintiff humiliated, frustrated, and confused.

26. Based on all of the above-describe incidents, Defendants failed to train its employees and promulgate policies of non-discrimination against deaf and hard of hearing

individuals.

27. Based on all of the above-described incidents, Defendants refuse to serve deaf individuals in the same manner in which they serve hearing (i.e., non-deaf) individuals.

28. Defendants' drive-thru ordering system, which requires a customer to utilize hearing and speaking, is inaccessible to deaf individuals. Defendants offer no accessible or alternative means for deaf individuals, including Plaintiff, to utilize the drive-thru in a manner equal to the service offered to hearing (i.e., non-deaf) individuals.

29. Defendants' conduct caused Plaintiff to be denied the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and/or accommodations.

30. Defendants' conduct caused Plaintiff to suffer emotional distress, including humiliation and frustration.

31. Prior to this incident, Plaintiff regularly placed and received orders from Defendants' Wendy's by communicating with their employees through written notes and gestures.

32. Plaintiff is deterred from vsiting Defendants' Wendy's due to the discrimination she expects to face if she does so.

33. Defendants' Wendy's is in close vicinity to Plaintiff's home and Plaintiff wishes to be able to visit Defendants' Wendy's should Defendants seis all discriminatory conduct.

34. Plaintiff therefore continues to be harmed by Defendant's conduct.

## CLAIM 1: VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

35. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

36. At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Defendant's conduct.

37. At all times relevant to this action, the United States Department of Justice

regulations implementing Title III of the ADA, 28 C.F.R. Part 36, have been in full force and effect and have applied to Defendant's conduct.

38. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

39. Defendants own, lease, and/or operate a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7)(D).

40. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

41. Title III of the ADA further provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

42. Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

43. Title III of the ADA further defines discrimination to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing

facilities . . . where such removal is readily achievable," or "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv–v).

44. Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

45. Defendants discriminated against Plaintiff on the basis of disability, in violation of Title III of the ADA and its implementing regulations, as set forth above.

46. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant has subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act;

b. Issue an injunction forbidding Defendants from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendants' facilities, services, or programs;

c. Order Defendants:

    i. to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals by failing to provide effective communication;

      ii. to develop, implement, promulgate, and comply with a policy to ensure that Defendants will consider the communication needs of deaf individuals who seek Defendants' goods and/or services and will affirmatively work with deaf individuals to provide effective auxiliary aids and services to make their services accessible;

      iii. to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA;

d. Award to Plaintiff:

      i. Reasonable costs and attorneys' fees;

      ii. Nominal damages;

      iii. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

      iv. Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated: December 16, 2021

                                                                     Respectfully submitted,
                                                                     **EISENBERG & BAUM, LLP**
                                                            By: s/ Andrew Rozynski, Esq.
                                                              Andrew Rozynski, Esq. (NY #505446)
                                                              arozynski@eandblaw.com
                                                              24 Union Square East, Penthouse
                                                              New York, NY 10003
                                                              212-353-8700 (tel.)
                                                              917-591-2875 (fax)
                                                              *Attorneys for Plaintiff*